**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMANTHA STEWART,<br><br>Plaintiff,<br><br>v.<br><br>FJ PROPERTY PAYROLL, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 26-440 (JEB) |

## MEMORANDUM OPINION AND ORDER

Last year, Plaintiff Samantha Stewart began suffering serious medical conditions that left her unable to work for about two months.  After her employment was abruptly terminated, Stewart filed this suit against FJ Property Payroll, LLC, and Franklin Group Companies, LLC, alleging that they had violated four different employment-protection and disability-discrimination statutes.  She now moves to strike five of the nineteen affirmative defenses in their Answer to the Complaint.  The Court finds that those defenses meet the traditional notice standard set by Federal Rule of Civil Procedure 8(c) and therefore denies Plaintiff's Motion.

## I.    Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court may do so either "on its own" or "on motion made by a party."  Id.  "The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion."  Moore v. United States, 318 F. Supp. 3d 188, 190 (D.D.C. 2018) (quoting Gates v. District of Columbia, 825 F. Supp. 2d 168, 169 (D.D.C. 2011)).  "Motions to strike are a drastic remedy," however, and "courts generally

1

disfavor" them.  Naegele v. Albers, 355 F. Supp. 2d 129, 142 (D.D.C. 2005); see also

Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 201 (D.C.

Cir. 1981).  Accordingly, "[i]n considering a motion to strike, courts will draw all reasonable

inferences in the pleader's favor and resolve all doubts in favor of denial of the motion to strike."

Moore, 318 F. Supp. 3d at 190–91.  "Affirmative defenses will be stricken only when they are

insufficient on the face of the pleadings."  Parker v. Bank of Am., N.A., 2012 WL 13050404, at

*1 (D.D.C. Mar. 9, 2012) (quotation marks omitted).

## II.    Analysis

According to Plaintiff, her Motion to Strike requests a "narrow, surgical, and targeted

order striking Affirmative Defense Nos. 1, 2, 16, 17, and 19, with prejudice, from Defendant's

[sic] Answer."  ECF No. 21-1 (Mot.) at 1.  These defenses each comprise only a single sentence,

and they read as follows: 1) "Plaintiff's claims fail, in whole or in part, because they fail to state

claims upon which relief can be granted," 2) "Certain of Plaintiff's claims may be barred, in

whole or in part, by the doctrines of laches, waiver and/or estoppel," 16) "Plaintiff's claims are

barred to the extent they are untimely under any applicable statute of limitations,"

17) "Plaintiff's claims are barred to the extent she has failed to exhaust administrative remedies,"

and 19) "Defendants reserve the right to assert additional affirmative or other defenses as they

become evident through discovery or investigation."  ECF No. 16 (Answer) at 23, 25.

Stewart contends that "[s]triking these defenses . . . will streamline the issues, prevent

unnecessary costly and time-consuming discovery into legally deficient theories, and eliminate

unnecessary clutter from the pleadings."  Mot. at 1.  At the end of the day, however, what seems

particularly unnecessary and costly is the number of pages (22 in her Motion and 25 in her

2

Reply) and the amount of time that Stewart is devoting (and asking the Court to devote) to this minor question.

In any event, Stewart's Motion fizzles. Rule 8(c) requires only that a defendant "affirmatively state any . . . affirmative defense." The D.C. Circuit holds that defendants clear this low bar as long as they make a "bare assertion" of the defense; even "boilerplate" suffices. Daingerfield Island Protective Soc'y v. Babbitt, 40 F.3d 442, 444–45 (D.C. Cir. 1994) (emphasis omitted). The affirmative defenses pleaded here plainly meet that standard, so they survive under existing caselaw.

Unsurprisingly, Plaintiff does not argue that her Motion would succeed under that standard — never mind that it is the Circuit's binding rule. Instead, she asks this Court to hold that defendants must plead affirmative defenses under the more demanding requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Mot. at 2. Yet the only way that those later Supreme Court decisions could override on-point circuit precedent would be if they abrogated it. And the bar for abrogation in this circuit is high: a Supreme Court opinion abrogates a D.C. Circuit holding only if it "effectively overrule[s], i.e., eviscerate[s]" it. Newman v. Moore, 151 F.4th 472, 480 (D.C. Cir. 2025) (quotation marks omitted). Twombly and Iqbal do no such thing. They lay out what Rule 8(a) requires a plaintiff to plead in a complaint, Twombly, 550 U.S. at 554–57; Iqbal, 556 U.S. at 677–79 — a different question with different considerations from how a defendant must state an affirmative defense under the differently worded Rule 8(c). The more forgiving standard from Daingerfield — that merely asserting a defense is enough — has therefore not been abrogated, continues to bind this Court, and blesses the affirmative defenses pleaded here.

3

Setting aside the high bar for abrogation, there are good reasons not to import Twombly and Iqbal's "plausibility" pleading standard into Rule 8(c). Twombly and Iqbal interpreted Rule 8(a)(2), which requires plaintiffs to file a complaint with a "short and plain statement of the claim showing that the pleader is entitled to relief." (emphasis added); see also Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 677–78. Those cases concluded that this language required courts to analyze whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; accord Twombly, 550 U.S. at 557. Rule 8(c), by contrast, is devoid of such language inviting a plausibility requirement. It asks only that defendants "affirmatively state" any affirmative defenses. "The fact that Rule 8(a) and Rule 8(c) use different language is a strong indication that the two rules should be interpreted differently." Paleteria La Michoacana v. Productos Lacteos, 905 F. Supp. 2d 189, 191 (D.D.C. 2012).

Additionally, as Defendants explain, Rule 12(a) requires them to "answer within strict deadlines — typically before discovery," and, as a result, they "frequently lack access to information necessary to plead affirmative defenses with factual specificity." ECF No. 22 (Opp.) at 6. Careful defendants must nevertheless plead those defenses in accordance with Rule 8(c) or risk waiving them under Rule 12(h). See, e.g., Harris v. Sec'y, U.S. Dep't of Veterans Affs., 126 F.3d 339, 343 (D.C. Cir. 1997) ("[I]t is well-settled that a party's failure to plead an affirmative defense generally results in the waiver of that defense and its exclusion from the case.") (cleaned up). Allowing defendants to plead affirmative defenses in brief therefore protects them against the risk of waiver during the information-scarce early stages of litigation.

On the other side of the ledger, does such brevity substantially prejudice plaintiffs? The Court thinks not. The purpose of Rule 8(c)'s pleading requirement is simply "to give the opposing party notice of the defense," thereby allowing "the opposing party to develop in

discovery and present both evidence and argument before the district court responsive to the defense." Rhodes v. United States, 967 F. Supp. 2d 246, 251 n.3 (D.D.C. 2013).  Here, Defendants' affirmative defenses provide that requisite notice — albeit briefly.  Plaintiff responds that the defenses' barebones nature raises the specter of "costly and time-consuming discovery on legally deficient defenses."  Mot. at 6.  That specter would easily be dispelled, however, by a simple interrogatory asking Defendants for the basis of their affirmative defenses.

For those reasons, multiple courts within this district have similarly rejected Plaintiff's view.  Moore, 318 F. Supp. 3d at 193; Paleteria La Michoacana, 905 F. Supp. 2d at 190; Malibu Media, LLC v. Parsons, 2013 WL 12324463, at *3 (D.D.C. May 31, 2013); Taylor Energy Co. v. U.S. ex rel. U.S. Coast Guard Nat'l Pollution Funds Ctr., 2020 WL 6075693, at *5 (D.D.C. Oct. 14, 2020).  This Court now joins their company.

In sum, the affirmative defenses at issue meet "the traditional notice standard set by Rule 8(c)."  Moore, 318 F. Supp. 3d at 193.  The Court therefore declines to grant Plaintiff the "drastic remedy" that is her Motion to Strike.  Naegele, 355 F. Supp. 2d at 142.

## III.    Conclusion

The Court accordingly ORDERS that Plaintiff's Motion to Strike is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 23, 2026